*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-265

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| Charles Chandler | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Rutland Herald Publishing, et al. | } | DOCKET NO. 104-3-15 Wmvc |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Charles Chandler appeals from the trial court's order striking his complaint as violating Vermont's anti-SLAPP (Strategic Lawsuit against Public Participation) statute, 12 V.S.A. § 1041. We affirm.

In March 2015, Chandler sued defendants for writing and publishing an article about him. The article was published in January 2007, and it described allegations that Chandler had falsely accused the Windham County Sheriff of seeking "protection money" from area businesses, and criminal charges that resulted against Chandler for making false allegations. The article also described another criminal charge pending against Chandler for impeding a public officer. Chandler argued that the article was false and he raised claims of libel and intentional inflection of emotional distress. He sought $212,000,000 in damages.

Defendant moved to strike the complaint under Vermont's anti-SLAPP statute, 12 V.S.A. § 1041. That law allows "[a] defendant in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech" to file a special motion to strike a complaint at the outset of the case. Id. § 1041(a). The law protects, among other things, "any written . . . statement concerning an issue of public interest made in a public forum." Id. § 1041(i)(3); see also Felis v. Downs Rachlin Martin, PLLC, 2015 VT 129, ¶¶ 28-53 (discussing anti-SLAPP statute and concluding that "in connection with a public issue" requirement of 12 V.S.A. § 1041(a) must be met in any motion to strike, regardless of type of activity). If a defendant satisfies this threshold requirement, the court must grant the motion to strike "unless the plaintiff shows that (A) the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law; and (B) the defendant's acts caused actual injury to the plaintiff." 12 V.S.A. § 1041(e)(1)(A), (B).

The court granted defendant's motion to strike here. It found that the disputed article was a garden-variety newspaper article describing criminal charges arising out of public confrontations between a member of the public and public officials. The court concluded that

the article plainly constituted a "written . . . statement concerning an issue of public interest made in a public forum." Id. § 1041(i)(1)(A). As set forth above, Chandler had the burden to show that the article "was devoid of any reasonable factual support and any arguable basis in law." Id. § 1041(e)(1)(A). Chandler asserted only that the article was frivolous, vexatious, baseless, malicious, and it had caused him "millions of dollars of damage." He produced no evidence that the article lacked reasonable factual support and incorrectly asserted that defendants bore the burden of proof. Even though defendants had no burden, they had affirmatively supported their motion to strike with a detailed showing of factual support. The court noted, moreover, that the article recounted allegations and court records, and it did not purport to reveal the truth of what really happened during the underlying events. The court concluded that Chandler violated the letter and spirit of 12 V.S.A. § 1041 by filing his suit. It thus struck the complaint and awarded attorneys' fees and costs to defendants. See id. § 1041(f)(1) ("If the court grants the special motion to strike, the court shall award costs and reasonable attorney's fees to the defendant."). This appeal followed.[*]

Chandler argues on appeal that the article was false, damaging to his reputation, and intended to attack and harass him. He contends that defendants were not exercising their First Amendment rights in publishing the article, although he provides no legal support for this assertion. Additionally, Chandler maintains that defendants provided insufficient evidence to support their claims, reiterating his position that defendants bear the burden of proof. Chandler presents his version of events, and asserts that the court erred in reaching its conclusion. He also argues that the court should have granted his motion for summary judgment, rather than denying it as moot. Finally, Chandler appears to suggest that the trial court was biased against him.

We find no error. Chandler sued defendants for writing and publishing a newspaper article. The article described Chandler's allegations that the local sheriff and her top deputy solicited "protection money" from him, it set forth the results of a police investigation into those allegations, it described criminal charges that resulted against Chandler for his allegations, and, relying on court documents, it described another pending criminal charge against Chandler for impeding a public official. Chandler was in fact convicted of impeding a public officer, and his conviction was affirmed on appeal. See State v. Chandler, No. 2010-135, 2011 WL 4974829 (Vt. Jan. 27, 2011) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

We agree with the trial court that Chandler's complaint arises from defendants' "exercise, in connection with a public issue, of the right to freedom of speech," which includes "any written . . . statement concerning an issue of public interest made in a public forum." 12 V.S.A. §§ 1041(a), (i)(3). Allegations of public corruption clearly present a matter of public interest, as do the results of an investigation into such allegations, including criminal charges being lodged

---

[*] The statute provides that "[a]n order granting or denying a special motion to strike shall be appealable in the same manner as an interlocutory order under Rule 5 of the Vermont Rules of Appellate Procedure." 12 V.S.A. § 1041(g). That rule addresses interlocutory appeals "on report by agreement" that must involve a question of law that the trial court finds of sufficient importance or doubt to justify reporting. V.R.A.P. 5(a). Rule 5 also addresses interlocutory appeals by permission where the trial court finds that the order involves a controlling question of law about which there exists substantial ground for difference of opinion, and an immediate appeal may materially advance the termination of the litigation. V.R.A.P. 5(b)(1). Defendants do not raise the issue of whether this appeal was properly taken. As we affirm the trial court's ruling on the merits, we do not address it.

2

against the person who made the allegations. The fact that Chandler had another pending criminal charge that involved public officers also presented a matter of public interest. We have stated that "[p]ursuant to the First Amendment, it is generally recognized that the public and the media have a constitutional right of access to information relating to the activities of law enforcement officers and to information concerning crime in the community." Caledonia Record Publ'g Co. v. Walton, 154 Vt. 15, 21, 24 (1990) (also recognizing that "[i]nformation concerning the operations of the police department in making arrests and the charges upon which arrests are made is vital to the democratic system" (quotation omitted)); see also 1 V.S.A. § 317(c)(5) (providing that "records reflecting the initial arrest of a person and the charge shall be public"); Bain v. Windham Cty. Sheriff Keith Clark, 2012 VT 14, ¶ 18, 191 Vt. 190 ("There is a strong public interest in disclosure of public records, and this interest is particularly acute in the area of law enforcement." (quotation omitted)); Colt v. Freedom Commc'ns, 1 Cal. Rptr.3d 245, 249 (Cal. Ct. App. 2003) (explaining that California anti-SLAPP statute applies to causes of action "arising from any act of [the defendant] in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue," and plaintiffs "[did] not dispute that the publishing of newspaper articles fits this definition, nor could they in light of the First Amendment rights involved"). As the United States Supreme Court has explained in a different context, "[s]peech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." Lane v. Franks, 134 S. Ct. 2369, 2380 (2014) (quotations omitted) (finding that content of testimony at issue—"corruption in a public program and misuse of state funds obviously involve[s] matters of significant public concern"). The article here clearly satisfies the "public interest" requirement.

Having satisfied the threshold requirement, the law plainly places the burden on Chandler to show that defendants' "exercise of [their] right to freedom of speech . . . was devoid of any reasonable factual support and any arguable basis in law" and that defendants' acts caused actual injury" to him. 12 V.S.A. § 1041(e)(1)(A), (B). In response to defendants' special motion to strike and again on appeal, Chandler simply asserts that the article was false and vexatious. He provided no affidavits (nor any specific information) in support of his assertions. His generalized contentions are insufficient to meet his burden on the statute. See id. § 1041(e)(2) (providing that in ruling on special motion to strike, trial court shall consider pleadings and "supporting and opposing affidavits stating the facts upon which the liability or defense is based"). To the extent that he challenges the notion that the reporting concerned a matter of public concern, we have rejected that argument above. In his brief, Chandler focuses largely on one phrase within one sentence in the article, which states that Chandler was charged with a felony count of impeding a public official for allegedly "driving sheriff deputies" as well as members of the fire department from his land. As previously noted, Chandler was convicted of impeding a public official based on his confrontation with members of the fire department. See Chandler, No. 2010-135, 2011 WL 4974829. A deputy sheriff was summoned to Chandler's property based on Chandler's behavior and he cited Chandler for impeding an officer. Defendants provided the trial court with an affidavit of probable cause from the deputy sheriff in which he described the events underlying the criminal charge, including recounting that Chandler yelled at him in a manic tone and approached him in an unpredictable manner when the deputy sheriff arrived on the property. Even if it is not accurate that Chandler's criminal charge was based on "driving sheriff deputies from his property," this does not establish that defendants' exercise of their right to freedom of speech in writing and publishing the article in question was "devoid of any reasonable factual support." See Ernst v. Kauffman, 50 F. Supp.3d

3

553, 563-64 (D. Vt. 2014) (court granted special motion to strike with respect to claims arising from defendant reading portions of anonymous letter at selectboard hearing, concluding that even though anonymous letter contained some statements that were demonstrably false, many of the statements did have record support, and plaintiffs failed to establish that anonymous letter was "devoid of any reasonable factual support" under Vermont's anti-SLAPP statute). We find no error in the trial court's decision to grant defendants' special motion to strike.

Because defendants' were entitled to have Chandler's complaint stricken, the court did not err in denying Chandler's motion for summary judgment as moot. Finally, the record does not support Chandler's suggestion that the trial court was biased against him.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4